JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV13-02646-RGK (MANx) | Date | June 5, 2013 |
|---|---|---|---|
| Title | *ALEXANDRA DAS v. US AIRWAYS INC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On March 1, 2013, Alexandra Das ("Plaintiff") filed a complaint against US Airways, Inc.; US Airways Group, Inc.; US Airways Holdings, LLC; US Airways, LLC; and US Airways Services Corporation, Inc. (collectively, "Defendants"). Plaintiff alleges various tort claims arising from injuries sustained while flying with US Airways on two separate occasions.

On April 16, 2013, Defendants removed the action based on diversity jurisdiction. Upon review of Defendants' Notice of Removal, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In their Notice of Removal, Defendants allege that the amount in controversy exceeds $75,000 based on Plaintiff's complaint and pre-compliant settlement demand. However, Defendants fail to provide any factual support for their position. Defendants do not provide the August 21, 2012 settlement demand in which Plaintiff allegedly sought $1,000,000 for her injuries, or a declaration stating they received a settlement demand. (Notice of Removal ¶ 16.) Nor do Defendants provide any further support, other than citing Plaintiff's requested damages as stated in her complaint. Accordingly, Defendants fail to satisfy their burden that the amount in controversy is met.

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

           :         

Initials of Preparer